UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| ELAINE MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-12-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| MARY ANN TOBIN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Elaine Matthews is a resident of Bardstown, Kentucky. Matthews, proceeding without an attorney, has filed a civil action against defendant Mary Ann Tobin, asserting claims under the federal constitution and under Kentucky law. [R. 1] Matthews has paid the filing fee.

Matthews alleges that on February 18, 2011, Tobin and veterinarian Michael O'Brien transferred Briana, a whitetail doe, from the Bernheim Arboretum and Research Forest located in Clermont, Kentucky, to the Broadbent Wildlife Sanctuary located outside Irvington, Kentucky, in a fraudulent and dishonest manner. Tobin, a former state representative, founded the sanctuary at Broadbent in 2002. Matthews indicates that she had become "very bonded" to the doe and visited it frequently at Bernheim, and was distraught when it was transferred to Broadbent where she could no longer do so. While Tobin has now

allowed Matthews to visit the doe, Matthews complains that the doe's living conditions are unacceptable and it is not being properly cared for. [R. 1 at 3-6] Matthews indicates that some or all of these issues regarding care of the doe have previously been litigated in the Bullitt County Circuit Court. [R. 1 at 4, 7] Matthews contends that Tobin's actions constitute cruel and unusual punishment in violation of the Eighth Amendment and tortious interference with contract under Kentucky law. [R. 1 at 1-3] Matthews seeks an order permitting her to visit the doe twice a week and to compel that it be cared for, fed, and watered in the manner described in the complaint, and for compensatory damages. [R. 1 at 18-20]

As a preliminary matter, the plaintiff has filed this suit in the wrong court. Matthews's complaint appears to allege that Tobin violated her federal civil rights, conduct actionable under 42 U.S.C. § 1983, and that she tortiously interfered with a contract between herself and Bernheim Foundation. 28 U.S.C. § 1391(b) requires such a complaint to be filed in a judicial district where (1) at least one defendant resides, if all defendants reside in the same state; (2) a substantial part of the events giving rise to the claim occurred; or (3) any defendant resides, if no other district provides venue. The actions forming the basis for the complaint occurred at Broadbent's facility in Irvington, Kentucky, which is also the

city where Tobin resides. Irvington is located in Breckenridge County, and hence falls within the Western District of Kentucky. 28 U.S.C. § 97(b). Section 1391(b) therefore requires that this action should have been filed in that court.

When a case is filed in the wrong district, the Court has discretion to either dismiss the case or transfer it to the proper district. 28 U.S.C. § 1406(a). In the present case, the Court has reviewed the complaint[1] and will dismiss the action because Matthew's federal civil rights claim fails as a matter of law and because neither this Court nor the Western District would possess subject matter jurisdiction over her tortious interference claim.

Matthews alleges that Tobin has subjected her to cruel and unusual punishment. However, the Eighth Amendment's proscription of "Cruel and Unusual Punishments" applies only to actions taken by the government, not to those of private individuals. The Supreme Court has repeatedly emphasized that the Constitution does not reach "merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Because Tobin,

---

[1] A federal court may screen a fee-paid complaint filed by a non-prisoner plaintiff and dismiss it where its allegations are insubstantial or its claims are devoid of legal merit or are not open to reasonable discussion. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

"the party charged with the deprivation," is not "a person who may fairly be said to be a state actor," Matthews cannot show a violation of the Eighth Amendment, and her civil rights claim fails as a matter of law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Matthews also alleges that Tobin tortiously interfered with a contract between herself and Bernheim, a claim arising under Kentucky law. However, having determined that her sole federal claim must be dismissed, Tobin's pendent state law claim should also be dismissed without prejudice. 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). The Court also cannot exercise independent subject matter jurisdiction over the claim under 28 U.S.C. § 1332, as the plaintiff and defendant are residents of the same state, and hence lack diversity of citizenship. The Court will therefore dismiss Matthews's state law claim, without prejudice to her right to assert it in the proper forum.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's federal claims asserted pursuant to 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE.**

2. Plaintiff's claims arising under Kentucky law are **DISMISSED WITHOUT PREJUDICE.**

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

This the 24th day of January, 2012.

